**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RUI DU,

*Plaintiff*,

v.

TODD BLANCHE, *et al.*,[1]

*Defendants*.

Civil Action No. 25-3193 (SLS)
Judge Sparkle L. Sooknanan

**MEMORANDUM OPINION**

Rui Du, a Chinese national residing in Singapore, applied for an L-1 visa in January 2025. The U.S. Embassy in Singapore interviewed Mr. Du and then placed his application in administrative processing. Since then—and despite inquiries from two Members of Congress—the Department of State has taken no further action on Mr. Du's application. Mr. Du brought this lawsuit against a long list of Defendants—the Attorney General, the Secretary of State, the Secretary of Homeland Security, and several officials in the Bureau of Consular Affairs—to compel adjudication of his visa application. The Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although the Court is sympathetic to Mr. Du's claims of unreasonable delay, it must grant the Defendants' motion and dismiss this case.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

[1] The current Attorney General is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

Mr. Du, a Chinese citizen residing in Singapore, applied for an L-1 visa. Pl.'s Pet. for Writ of Mandamus & Compl. for Declaratory & Injunctive Relief (Compl.) ¶¶ 1, 10, ECF No. 1. That visa allows an employer to transfer an employee who "has been employed continuously for one year" to a United States office "in order to continue to render [the employee's] services to the same employer . . . in a capacity that is managerial, executive, or involves specialized knowledge." 8 U.S.C. § 1101(a)(15)(L); *see also* 8 C.F.R. § 214.2(l)(1) (noting that an individual "transferred to the United States under this nonimmigrant classification is referred to as an intracompany transferee"). On January 16, 2025, Mr. Du submitted the requisite documents and attended his visa interview at the U.S. Embassy in Singapore. Compl. ¶ 37. And roughly two months later, he submitted his passport to the Embassy for visa printing. Compl. ¶ 38.

On April 1, 2025, the Embassy notified Mr. Du that his application was "in approved status, pending a final security clearance." Compl. ¶ 39. But on April 10, 2025, Mr. Du discovered that his application status had changed from "approved" to "refused." Compl. ¶ 40. When he inquired about the status change, the Embassy informed him that his application had been placed in "[Immigration and Nationality Act Section] 221(g) administrative processing" and that "most such processing take[s] approximately 2-8 weeks to complete." Compl.¶ 40. Mr. Du then "sought assistance and received support" from the offices of Representative Jerold Nadler and Senator Charles Schumer. Compl. ¶¶ 42–43. Both offices sent inquiries to the Embassy, which responded only that Mr. Du's application was undergoing an administrative review. Compl. ¶¶ 42–43 Mr. Du has received no further communication regarding his visa application. Compl. ¶ 41.

On September 13, 2025, Mr. Du brought this action against the Attorney General, the Secretary of State, the Secretary of Homeland Security, and several officials in the Bureau of Consular Affairs. *See* Compl. He alleges that the Defendants have unreasonably delayed

adjudication of his visa application, and that he is entitled to a corrective order of mandamus relief under the Mandamus Act, 28 U.S.C. § 1361, and injunctive relief under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1). Compl. ¶¶ 55–75. He claims that he has suffered financial, professional, reputational, and personal harms because of the delay. Compl. ¶¶ 46–54. The Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defs.' Mot. to Dismiss (Mot.), ECF No. 14. That motion is fully briefed and ripe for decision. *See* Pl.'s Opp'n to Mot. to Dismiss (Opp'n), ECF No. 16; Defs.' Reply to Opp'n to Mot. to Dismiss (Reply), ECF No. 17.

## LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing such a motion, courts "must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). However, a court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor make inferences "unsupported by the facts set out in the complaint," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (cleaned up).

## DISCUSSION

The Defendants advance several threshold arguments in support of dismissal, including (1) that the Plaintiff lacks standing to sue certain named officials, (2) that the Defendants have no duty to act under the APA or the Mandamus Act, and (3) that the doctrine of consular non-reviewability bars this Court's review. Mot. at 4–15. They further contend that the Plaintiff

has failed to plead a plausible claim of unreasonable delay. Mot. at 15–22. The Court declines to reach the Defendants' arguments regarding their duty to act and consular nonreviewability. But it agrees that the Plaintiff lacks standing to sue two of the named officials. And as to the remaining officials, the Complaint fails to plausibly show unreasonable delay. The Court therefore grants the Defendants' motion and dismisses this case.

**A. Threshold Arguments**

At the outset, the Defendants argue that they have no "statutory or regulatory" duty to act on Mr. Du's application, and that Mr. Du's claims are barred by the doctrine of consular nonreviewability. Mot. at 1. This Court has previously rejected identical arguments in similar cases. *Hussain v. Baker*, No. 25-cv-3075, 2026 WL 1815522, at *2 (D.D.C. June 24, 2026); *Sadiq v. Rubio*, No. 25-cv-2448, 2026 WL 913084, at *2 (D.D.C. Apr. 3, 2026); *Thein v. Trump*, No. 25-cv-2369, 2025 WL 2418402, at *7–11 (D.D.C. Aug. 21, 2025); *Motevali v. Rubio*, No. 24-cv-1029, 2025 WL 885116, at *5. (D.D.C. Mar. 21, 2025). But the Court need not address them here because, even if Mr. Du prevails on those issues, his unreasonable delay claims ultimately fail. *See Sadiq*, 2026 WL 913084, at *2 (similar approach).

The Defendants also contend that Mr. Du lacks standing to sue officials at the Department of Homeland Security and the Department of Justice because those agencies play no role in his visa adjudication and thus cannot redress his injuries. Mot. at 1. The Court agrees. *See Ark Initiative v. Tidwell*, 749 F.3d 1071, 1075 (D.C. Cir. 2014) (requiring in part "a likelihood . . . 'that the injury will be redressed by a favorable decision'" to show standing (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))); *see also, e.g.*, *Rashidian v. Garland*, No. 23-cv-1187, 2024 WL 1076810, at *4 (D.D.C. Mar. 8, 2024) (dismissing claims against the Attorney General and the Secretary of Homeland Security because the Plaintiff alleged "no facts showing that . . . there

is anything either official could do to move the process forward"); *Siddiqui v. Blinken*, 646 F. Supp. 3d 69, 75 (D.D.C. 2022) (same). The Court therefore dismisses Mr. Du's claims against the Attorney General and the Secretary of Homeland Security for lack of standing.

### B. Unreasonable Delay

The Court now turns to Mr. Du's unreasonable delay claim. "The standard for undue delay under the Mandamus Act . . . is identical to the APA standard." *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004)). In this Circuit, unreasonable delay is measured by the six so-called *TRAC* factors. *See Telecommns. Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984). The factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind the agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (cleaned up). At the motion-to-dismiss stage, a court applies the *TRAC* factors "not to determine whether there has been an unreasonable delay, but to determine if a plaintiff's complaint alleged facts sufficient to state a plausible claim for unreasonable administrative delay." *Motevali*, 2025 WL 885116, at *6 (cleaned up). Here, Mr. Du does not sufficiently allege such a claim.

#### 1. *TRAC* Factors One and Two

The first two factors favor the Government. The first *TRAC* factor "asks whether the [agency's] response time is governed by a 'rule of reason.'" *Id.* at *7. This is the "most important" factor in the *TRAC* analysis. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The second factor contextualizes the second, looking to Congress in search of "a timetable or other

indication of the speed with which it expects the agency to proceed." *TRAC*, 750 F.2d at 80 (cleaned up).

On these factors, Mr. Du relies on 8 U.S.C. § 1571, which provides that "[i]t is the sense of Congress that . . . a petition for a nonimmigrant visa . . . should be processed not later than 180 days after the filing of the petition." *Id.* § 1571(b). But the D.C. Circuit has described this provision as "aspirational" and "insufficient to set a deadline[.]" *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 344 (D.C. Cir. 2023). Though the 180-day marker can be used as "a ruler against which the [agency's] progress must be measured[,]" a delay must reach a certain "level of disproportionality" to permit a finding in the plaintiff's favor. *Id.* (cleaned up). And courts in this District commonly "label delays between three to five years as reasonable and generally extend the 'unreasonable' label to delays more than five years." *Motevali*, 2025 WL 885116, at *7 (cleaned up); *see also Arab v. Blinken*, 600 F. Supp. 3d 59, 70 (D.D.C. 2022) (collecting cases). Although the "issue cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful," *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003), an excessive delay tends to suggest that a "level of disproportionality" has been met, *see Da Costa*, 80 F.4th at 334. Moreover, delays are calculated using "the length of time between the last action the government took on a visa application and the filing of [the] plaintiff's complaint." *Isse v. Whitman*, No. 22-cv-3114, 2023 WL 4174357, at *6 n.4 (D.D.C. June 26, 2023).

Here, the last government action was on April 10, 2025, when the U.S. Embassy informed Mr. Du that his "refused" categorization was due to INA 221(g) administrative processing. Compl. ¶ 40. And Mr. Du brought this action on September 13, 2025. Compl. at 20. So Mr. Du's delay adds up to just over five months. Such a delay is substantially within the bounds of what courts in

this District have labeled as "reasonable." *See, e.g.*, *Motevali*, 2025 WL 885116, at *7 (seven months insufficient to establish unreasonable delay); *Hussain*, 2026 WL 1815522, at *2 (more than a year insufficient); *Kangarloo*, 480 F. Supp. 3d at 141 (more than a year insufficient); *Arab*, 600 F. Supp. 3d at 62 (two years); *Akrayi v. U.S. Dep't of State*, No. 22-cv-1289, 2023 WL 2424600, at *3 (D.D.C. Mar. 9, 2023) (almost three years insufficient). So the first and second *TRAC* factors favor the Government.[2]

### 2. *TRAC* Factors Three and Five

The Court next considers the third and fifth *TRAC* factors which slightly favor Mr. Du. These factors "focus on the interests affected by agency delay." *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 817 (D.C. Cir. 2023). Considered jointly, they "examine 'the nature and extent of the interests prejudiced by the delay,' including whether 'human health and welfare' might be implicated." *Hussain*, 2026 WL 1815522, at *3 (cleaned up). Mr. Du alleges that he has suffered personally, professionally, reputationally, and financially because of the delay. Compl. ¶¶ 46–54. In addition to familial stress and hardship, the deprivation of professional opportunities, and the financial costs of the extended process, he alleges that he has been "unable to leave Singapore—a country that is not his usual place of residence—since doing so would risk missing the return of his passport once the visa is issued and printed." Compl. ¶ 49. These allegations of concrete injury "at least arguably" tip the third and fifth *TRAC* factors in his favor. *Rashidian*, 2024 WL 1076810, at *9 (professional, familial, and financial harms may suffice at the pleading stage); *see also*

[2] Mr. Du also contends that "the State Department does not process . . . cases on a first-in, first-out basis and has disclosed no rule or principle governing the order in which pending cases are resolved." Opp'n at 21. Even accepting this allegation as true, as the Court must, the "legal conclusion" that the agency is therefore not following a rule of reason is an unsupported inference. *See Trudeau*, 456 F.3d at 193 (citing *Papasan*, 478 U.S. at 286).

*Siddiqui*, 646 F. Supp. 3d at 77 (noting that such harms, while concrete, are present for "many others facing similar circumstances" (cleaned up)).

**3. *TRAC* Factor Four**

The fourth *TRAC* factor favors the Government. This factor considers the "effect of expediting delayed action on agency activities of a higher or competing priority[.]" *TRAC*, 750 F.2d at 80. And it "'strongly disfavors' plaintiffs whose request is akin to cutting the line of applications ahead of them, which would 'disrupt competing agency priorities with no overall improvements in the [agency's] backlog.'" *Motevali*, 2025 WL 885116, at *8 (alteration in original) (quoting *Da Costa*, 80 F.4th at 343). Furthermore, if injunctive relief would merely change the order of a queue and "produce[] no net gain," a court may "refuse[] to grant relief, even though all the other factors considered in *TRAC* favor[]" relief. *Norton*, 336 F.3d at 1100 (cleaned up).

As the Defendants see it, Mr. Du's request is nothing more than an attempt to cut the line. *See* Mot. at 20. He responds that the administrative review process is "opaque" and "case-specific," and that expediting his review would not necessarily "push any other applicant further back in line." Opp'n at 23. He also argues that this factor presents a "factual question" requiring further development of the record before resolution. Opp'n at 23.

At the motion-to-dismiss stage, however, the Court's focus is on the "factual matter" in the Complaint. *Iqbal*, 556 U.S. at 678. Here, the Complaint is largely silent on the effect that expediting Mr. Du's application would have on other visa applicants. And when a complaint pleads no specific facts as to the effect that relief would have on other applicants, the fourth factor favors the Government. *See, e.g.*, *Sadiq*, 2026 WL 913084, at *4; *Tehran v. Rubio*, No. 25-cv-1584, 2025 WL 3551629, at *7 (D.D.C. Dec. 11, 2025); *Dalmar v. Blinken*,

No. 23-cv-3315, 2024 WL 3967289, at *5 (D.D.C. Aug. 26, 2024). Moreover, Mr. Du's assertion that a judicial order prioritizing his application would not prejudice other visa applicants within the Section 221(g) administrative review process strains credulity. *See Khan v. Blinken*, No. 21-cv-1683, 2021 WL 5356267, at *4 (D.D.C. Nov. 17, 2021) ("Processing capacity is presently a zero-sum game, and granting [the] Plaintiff's request to expediate would necessarily mean additional delays for other applicants—many of whom undoubtedly face hardships of their own."). All in all, this factor weighs in the Government's favor.

**4. *TRAC* Factor Six**

Lastly, the sixth factor is neutral. This factor "asks the court to consider 'whether there is any impropriety lurking behind agency lassitude.'" *Motevali*, 2025 WL 885116, at *8 (quoting *Da Costa*, 80 F.4th at 345). Mr. Du "does not allege bad faith at this stage," Opp'n at 24, and so the sixth factor is neutral.

* * *

As it has done before, the Court acknowledges "the well-documented delays in our visa-adjudication system." *Sadiq*, 2026 WL 913084, at *4. But here, *TRAC* factors one, two, and four favor the Government. Factors three and five slightly favor Mr. Du. And the sixth factor is neutral. On balance, then, the *TRAC* factors favor the Government, and because Mr. Du does not sufficiently allege an unreasonable delay claim, the Court must grant the Defendants' motion.

## CONCLUSION

For the foregoing reasons, the Court grants the Defendants' Motion to Dismiss, ECF No. 14. A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: November 10, 2026